UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | JESSE L. BITZER, IV | : |
| | | : CHAPTER 13 |
| | Debtor(s) | : |
| | | : |
| | JACK N. ZAHAROPOULOS | : |
| | CHAPTER 13 TRUSTEE | : |
| | Movant | : |
| | | : |
| | vs. | : |
| | | : |
| | JESSE L. BITZER, IV | : |
| | | : |
| | Respondent(s) | : CASE NO. **1:25-bk-02248-HWV** |

TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

COMES NOW Jack N. Zaharopoulos, Standing Chapter 13 Trustee, who objects to confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

   Trustee alleges and avers that Debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts as unreasonable (*see* Amended Schedule J filed on October 28, 2025, which was filed with an amended plan on that same date to reduce the plan payment amount):

   a. $656/month (Lines 6a and 6b) for electricity, heat, gas, water sewer and garbage collection. The Trustee requests copies of the Debtor's utility expenses for the months of October 2024 through September 2025 to verify this expense.
   b. $595/month for phone, internet and cable services is excessive.
   c. $1,075/month for transportation is excessive.
   d. $327/month for vehicle insurance. The Trustee requests verification of this expense.
   e. $595/month for cigarettes is excessive.
   f. $166/month for pet expenses, especially since no pets are listed on Schedule B.
   g. $85/month for "school lunches/expenses" is unnecessary when considered along with the Debtor's other expenses.

2. The debtor(s) has not demonstrated that all tax returns have been filed as required by § 1325(a)(9) (2022, 2023 and 2024 federal returns).

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a) Secured claim not in plan.   Claim #2 is for a 2016 Honda Civic that was addressed in the original plan but is not addressed in the amended plan.

4. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Injury or other claim.   The plan should provide for any nonexempt proceeds received from the potential car accident claim listed on Schedule B to be paid as additional funding.

5. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s)' Chapter 13 Plan for the following reasons:

    a. Clarification of vesting of property.   Because non-exempt equity exists, the plan should provide for vesting at closing. Accordingly, the plan violates § 1325(a)(4).

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s)' plan.
    b. Dismiss or convert debtor(s)' case.
    c. Provide such other relief as is equitable and just.

Dated:   November 13, 2025

Respectfully submitted:

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

GARY J. IMBLUM, ESQUIRE
4615 DERRY STREET
HARRISBURG, PA 17111-

Dated: November 13, 2025

/s/ Jack N. Zaharopoulos
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee